Josephine Linker Hart, Justice, dissenting. I sin Mr. Perry’s case, the only thing that is pending before this court is Mr. Perry’s motion to file a belated brief. According to our rules, Mr. Perry has not yet perfected his appeal; therefore, it is not appropriate to decide his appeal on the merits. Furthermore, while it is permissible for this court to dismiss Mr. Perry’s appeal because he did not timely file his brief, it is most certainly not proper to dismiss his appeal on the merits and declare the motions “moot.” Mr. Perry’s petition for a writ of habeas corpus was denied by the Chicot County Circuit Court on April 4, 2017. Mr. Perry timely filed a notice of appeal on May 1, 2017. He timely lodged the record in this court on July 25, 2017, which gave us jurisdiction. According to Arkansas Supreme Court Rule 4-4, Mr. Perry was required to file his brief within 40 days of having lodged the record, which means no later than September 5,2017. Mr. Perry failed to file his brief on or before September 5, 2017. The above-referenced motion for an extension of time to file his brief was not filed with this court until October 3, 2017. While I am mindful that it is problematic for incarcerated persons to file legal material, according to the attestation on Mr. Perry’s motion, the motion was not even ready for mailing until September 28, 2017. Furthermore, the only “facts” asserted in Mr. Perry’s motion was that he turned over his “legal mail” to a prison official on September 15, 2017. Based on the foregoing, it would be proper — and constitutional — for this court to dismiss Mr. Perry’s appeal. It may be true that the correct disposition of Mr. Perry’s case is dismissal. However, when we disregard our rules, the resulting decision is not the product of the rule of law. |4Pue process is the keystone to legitimacy. Without due process, out criminal justice system would be no better than a lynch mob. I respectfully dissent.